IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-04-304 & CR. No. C-04-480 |
| | § | |
| JAMES JASON MEDLEY, | § | |
|     Defendant. | § | |

**ORDER ON PENDING MOTIONS**

Movant/defendant James Jason Medley ("Medley") is a federal prisoner currently incarcerated at the United States Penitentiary in Coleman, Florida. On August 9, 2010, Medley filed two separate letter-motions in the two criminal actions referenced above. The first motion is titled "Notice of Motion for Credit for Time Served," in which Medley seeks credit on his federal sentences for time spent in state custody prior to and after sentencing in his federal cases. (See CR. No. C-04-303 at D.E. 35; CR. No. C-04-480 at D.E. 28). Medley's second motion is entitled "Freedom of Information Act Request." (See CR. No. C-04-304 at D.E. 36; CR. No. C-04-480 at D.E. 29). In this motion, Medley requests that he be provided with a copy of his "case file in its entirety." Id.

For the reasons set forth herein, Medley's motion for credit on his sentences is denied and his motion for a copy of his case file is denied without prejudice.

**I.     Background facts and proceedings.**

On June 17, 2004, in Criminal Action No. C-04-304, Medley was charged with knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).  On August 25, 2004, in Criminal Action No. C-04-480, Medley was charged in count one with willfully destroying a mailbox in violation of 18 U.S.C. § 1705, and in count two, of willfully removing mail from a mailbox in violation of 18 U.S.C. § 1708.  At the time each indictment was filed, Medley was in state custody on unrelated charges. Following his initial appearance, he waived a detention hearing in each federal action, and was remanded back to state custody.

On October 29, 2004, pursuant to a plea agreement, Medley pled guilty on the firearm charge and to destroying a mailbox.  (See CR. No. C-04-304 at D.E. 21; CR. No. C-04-480 at D.E. 12).  On February 1, 2005, the Court sentenced Medley to 80 months in the Bureau of Prisons ("BOP") on the felon in possession of a weapon charge, and to 60 months for the willful destruction of a mailbox charge, followed by a three-year supervised release term. (See CR. No. C-04-304 at D.E. 31; CR. No. C-04-480 at D.E. 25).  The Court ordered that the sentences and supervised release terms in each federal action were to run concurrently. Id.  Medley did not appeal, nor has he filed any post-conviction motions challenging his federal convictions or sentences.

**II.     Analysis.**

    **A.     Motion for credit for time served.**

Medley is seeking credit on his federal sentences for time spent in state custody. According to Medley, at the time he was indicted on the federal charges in both federal actions, he was already in Texas state custody serving a fifteen-year state sentence.  He claims that in April 2004, a federal detainer was lodged against him. He claims that he

remained in state custody until sometime in April 2010, when he was then transferred to the custody of the BOP. Medley claims he is entitled to credit on his federal sentences for time spent in state custody from the time the federal detainer was lodged against him in April 2004, through the time he was transferred to federal officials in April 2010.

At the onset, it is apparent to the Court that Medley is not challenging the fact or duration of his sentence, but instead, the manner in which his sentence is being administered. Such challenges to the administration of a sentence are not properly brought before the sentencing court; instead, the proper vehicle for challenging the administration of a federal sentence is a writ of habeas corpus application file pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Moreover, a district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the U.S. Attorney General and is delegated to the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 335 (1992).

The Court is without jurisdiction to consider Medley's claims seeking credit on his federal sentences for time served in state custody as such claims must be maintained in a properly filed § 2241 petition. Accordingly, this motion is DENIED.

**B.      Request for case file.**

In his second motion, Medley asks that he be provided a copy of his entire case file pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

It is unclear exactly what documents Medley is referencing in his request for "his case file in its entirety." However, to the extent he is seeking information under the FOIA from the U.S. Attorney used in the prosecution of the federal charges against him, his request under the FOIA is not properly before this Court because there is no evidence that Medley has requested the documentation from the U.S. Attorney and been refused. See Voinche v. Federal Bureau of Investigation, 999 F.2d 962, 963 (5th Cir. 1993) (a person requesting documentation under the FOIA must exhaust administrative remedies before seeking judicial review). Thus, to the extent Medley is seeking an order to compel the government to produce pretrial discovery, interviews with witnesses, or other matters used in the prosecution of his cases, he must request that information from the U.S. Attorney. Thus, his request under the FOIA is DENIED.

Medley's request for his case file is more likely a request for the pleadings and transcripts filed in his two federal actions.

Assuming that Medley could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances.

---

[1] Medley has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Medley is, in fact, indigent.

<u>See</u> 28 U.S.C. § 753(f); <u>United States v. MacCollum</u>, 426 U.S. 317 (1976).  The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous.  28 U.S.C. § 753(f).

Medley does not have a pending suit before the Court.  Accordingly, he fails to meet the statutory requirements for free transcripts or documents.  28 U.S.C. § 753(f); <u>see also</u> <u>United States v. Herrera</u>, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, Medley's motion for transcripts and pleadings at the government's expense is DENIED WITHOUT PREJUDICE.  If Medley is interested in receiving specific transcripts or documents at his own expense, he may contact the Clerk to request them.  To that end, the Clerk is directed to provide Medley with a copy of the docket sheet in each of his federal case, as well as instructions as to how to order transcripts or to purchase copies of records.

**III.   Conclusion.**

For the foregoing reasons, Medley's motion for credit on his federal sentences, (CR. No. C-04-303 at D.E. 35; CR. No. C-04-480 at D.E. 28),  is  DENIED.  His motion under the FOIA and/or for transcripts at the government's expense, (CR. No. C-04-304 at D.E. 36; CR. No. C-04-480 at D.E. 29), is DENIED WITHOUT PREJUDICE.

ORDERED this 13th day of August, 2010.

*Janis Graham Jack*
_____

                                               Janis Graham Jack
                                       United States District Judge